# TABLE OF CONTENTS


| | |
|---|---|
| Pages 1- 13 | Complaint |
| Page 14 | Carlos Rodriguez' Medical Authorization Mount Sinai Hosp. |
| Page 15 | Carlos Rodriguez' 160.50 Authorization |
| Page 16. | Carlos Rodriguez' Medical Authorization Charlotte Radiology |
| Page 17. | Carlos Rodriguez' Certificate of Disposition |
| Pages 18-20 | Charlie Rodriguez' Certificate of Disposition |
| Pages 21-24 | Charlie Rodriguez' City MD Treatment Records |
| Page 25 | Charlie Rodriguez' 160.50 Authorization |
| Page 26 | Charlie Rodriguez' Certificate of Disposition |
| Pages 27-29 | Arielis De La Cruz' Medical Authorization |
| Page 30. | Arielis De La Cruz' 160.50 Authorization |
| Pages 31- 32 | Arielis De La Cruz' Certificate of Disposition |
| Pages 33-35 | Jonathan De La Cruz' Medical Authorization |
| Page 36 | Jonathan De La Cruz' 160.50 Authorization |
| Page 37 | Jonathan De La Cruz' Certificate of Disposition |
| Pages 38-43 | Jonathan De La Cruz' After Visit Medical Report Mount Sinai-St. Luke's |
| Page 44 | Francisco Taveras' Medical Authorization |
| Page 45 | Francisco Taveras' 160-50 Authorization |
| Page 46 | Francisco Taveras' Certificate of Disposition |
| Pages 47-48 | Francico Taveras' City MD Report |
| Page 49 | Francisco Taveras' Certificate of Disposition |
| Page 50 | Sterling Santana's Medical Authorization |
| Page 51 | Sterling Santana's 160.50 Medical Authorization |
| Pages 52-54 | Sterling Santana's Sun River Health Treatment Report |
| Page 55 | Summons Issued on 02/26/2023 to Sterling Santana |

Page 56 Medical Authorization Adrian Rodriguez

Page 57 Adrian Rodriguez' 160.50 Authorization

Pages 58-66 Criminal Court Complaints filed against Plaintiffs

HHC

## NYCHHC HIPAA Authorization to Disclose Health Information

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| Carlos A. Rodriguez<br>17 Upper Beechwood Ave. Pottsville, PA 17901 | 12/28/1993 | 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 |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |
| | | |

| | |
|---|---|
| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION<br>Mount Sinai, Morning Side<br>419 WEST 114 ST<br>NEW YORK, NY. | SPECIFIC INFORMATION TO BE RELEASED:<br>Information Requested ______<br>Treatment Dates from 02/27/2023 to ______ |
| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT<br>CORPORATION COUNSEL<br>100 CHURCH ST<br>NEW YORK, NY | INFORMATION TO BE RELEASED (if the box is checked, you are authorizing the release of that type of information).<br>**Please note: unless all of the boxes are checked, we may be unable to process your request.**<br>☐ Alcohol and/or Substance Abuse Program Information ☐ Mental Health Information<br>☐ Genetic Testing Information ☐ HIV/AIDS-related Information |
| REASON FOR RELEASE OF INFORMATION<br>☒ Legal Matter ☐ Individual's Request<br>☐ Other (please specify): ______ | WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)<br>☒ Event: SETTLEMENT OF SUIT ☐ On this date: ______ |

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL** or **SUBSTANCE ABUSE**, **GENETIC TESTING**, **MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

***I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.***

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| [signature] | |
| DATE<br>12/11/2024 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2413. Revised 05 05

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, CARLOS RODRIGUEZ, Date of Birth 12/28/1993, SS# 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, hereby designate MURIEL GOODE-TRUFANT, Acting Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. C. RODRIGUEZ, **Docket No.** CR-005930-23NY or **Indictment No.** ________, in Criminal/Supreme Court, County of the Bronx, State of New York, relating to my arrest on or about 02/26/2023, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

[signature]

STATE OF NEW YORK )
: SS.:
COUNTY OF N.Y )

On this 11 day of Dec, 2024, before me personally came Carlos Rodriguez to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

JHANNERYS FERNANDEZ
Notary Public, State of New York
No. 01FE6335564
Qualified in Bronx County
Commission Expires March 13, 2025

[signature]
NOTARY PUBLIC

HHC

# NYCHHC HIPAA Authorization to Disclose Health Information

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| Carlos A Rodriguez | 12/28/1993 | 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 |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |
| | | |

NAME OF HEALTH PROVIDER TO RELEASE INFORMATION
Charlotte radiology at CMC Northeast

SPECIFIC INFORMATION TO BE RELEASED:
Information Requested ____________________
Treatment Dates from 7/2023 to 10/2023

NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT
CORPORATION COUNSEL
100 CHURCH ST.
NEW YORK, N.Y

INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request.

- ☐ Alcohol and/or Substance Abuse Program Information
- ☐ Mental Health Information
- ☐ Genetic Testing Information
- ☐ HIV/AIDS-related Information

REASON FOR RELEASE OF INFORMATION

- ☒ Legal Matter
- ☐ Individual's Request
- ☐ Other (please specify):____________________

WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)

- ☐ Event: SETTLEMENT
- ☐ On this date: ____________________

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL** or **SUBSTANCE ABUSE, GENETIC TESTING, MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

***I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.***

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| [signature] | |
| DATE 12/11/2024 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2413, Revised 05-05

# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Carlos Rodriguez**

**Certificate of Disposition**
Docket Number: **CR-005930-23NY**

CJTN: 70226074Y
NYSID: 15843086H

Defendant DOB: **12/28/1993**

Arrest Date: **02/26/2023** Arraignment Date: **02/27/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 05/17/2023 |
| 2 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 05/17/2023 |
| 3 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 05/17/2023 |
| 4 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 5 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 6 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 7 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 8 | PL 240.30 04 AM Agg Harass 2 - Injure Family **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 9 | PL 110-120.00 01 BM Attempted Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 10 | AC 10-131 (i)(3) UM Unlawful possession of Ammunition - Not DNA Eligible **SEALED 160.50** | UM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 11 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: July 17, 2024

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40—including any appearing on this certificate of disposition—are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.

**SEALED pursuant to Section 160.50 of the CPL**

17

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| CHARLIE RODRIGUEZ | 09/25/1975 | |
| Patient Address<br>444 KIMBALL AVE. YONKERS, NY 10704 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
ST. JOHN'S RIVERSIDE HOSP. DOBBS FERRY PAVILION 123 ASHFORD AV, DOBBS FERRY N.Y. 10522

8. Name and address of person(s) or category of person to whom this information will be sent:
**CORPORATION COUNSEL CITY OF NEW YORK**

9(a). Specific information to be released:

☑ Medical Record from (insert date) 02/28/2023 to (insert date) 03/31/2027

☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☐ Other: ______________________

Include: (*Indicate by Initialing*)

_______ **Alcohol/Drug Treatment**

_______ **Mental Health Information**

_______ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here __________ I authorize ______________________________
Initials — Name of individual health care provider

to discuss my health information with my attorney, or a governmental agency, listed here:

______________________________
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☑ At request of individual<br>☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Charlie Rodriguez
Signature of patient or representative authorized by law.

Date: 10-6/2024

* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

---x

CHARLIE RODRIGUEZ

Plaintiff,

-against-

The City of New York, et al.,

Defendants.

---x

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

__ Civ. ____ ( )( )

TO: ST. JOHN'S RIVERSIDE HOSP. DOBB'S FERRY PAVILION 128 ASHFORD AVE., DOBBS FERRY, N.Y.
NAME AND ADDRESS OF MEDICAL PROVIDER

I authorize the use and disclosure of MEDICAL health information as described below.

**YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of the entire medical or hospital record of CHARLIE RODRIGUEZ (Date of Birth: 9/25/1975; SS #: ____) who was examined or treated in your hospital or by you on or about 3/1/2023

The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse. I only authorize the release of such information to the extent that I have initialed below:

Sexually transmitted diseases ____

AIDS/HIV ____

Behavioral or mental health service ____

Treatment for alcohol and drug abuse ____

This information may be disclosed to and used by the following organization:

The Office of the Corporation Counsel
100 Church Street
New York, NY 10007

for the purpose of the defense of this civil litigation only.

I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition on the conclusion of the litigation in the above-captioned action. If I fail to specify an expiration date, event or condition, this authorization will expire in six months. I understand that authorizing the disclosure of this health information is voluntary; I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated: ~~New York~~ Bronx, New York
December 5 2024

[signature]

STATE OF NEW YORK )
: SS:
COUNTY OF Bronx )

On the 5 day of December, 2024 before me personally came and appeared Charlie Robertson to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that __ executed the same.

[signature]
NOTARY PUBLIC

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20...27

CityMD

Summary of Visit
Rodriguez, Charlie
Visit date: 02/28/2023
CityMD Yonkers
YASMIN ZOMAH, PA
Aftercare Dept: 855-624-8963

---

## Diagnoses and Orders

**1. Exposure to SARS-CoV-2**

Z20.822: Contact with and (suspected) exposure to COVID-19

- A HEALTHY LIFESTYLE: CARE INSTRUCTIONS
- RAPID SARS COV 2 AG, QL IA, RESPIRATORY SPECIMEN

**2. Injury of head**

S09.90XA: Unspecified injury of head, initial encounter

**Patient Instructions**

**GO TO ER IMMEDIATELY**

You have presented with a condition that would be best served by proceeding immediately to an emergency room (ER). Please proceed there now without delay.

Patient is a 47 y/o M presents with headache, nausea/vomiting, confusion, +LOC s/p assault x 2 days ago. Patient states that he was hit several times in the head/face by the police.

Vitals: BP 136 / 85 Pulse 70 bpm T 98.6 °F (37 C) RR 16 O2Sat 98 %

Patient sent to the ER for further evaluation, r/o intracranial bleed

---

ST. JOHN'S RIVERSIDE HOSPITAL

Name: CHARLIE RODRIGUEZ
Acct Num: D00059730440
Med Rec Num: J000825048
Location: Emergency Department Dobbs
Primary Provider: Chase,Claire J
Date: 02/28/23

# Discharge Instructions for Concussion

A concussion is an injury to your brain. It causes problems with how the brain works. Symptoms will slowly fade during recovery. Most people will have a full recovery.

There may be lasting problems that can make some tasks harder.

You will need to be checked for any changes.

## Steps to Take

### Home Care

Your brain needs rest to get better. It is the only way to treat a concussion. Pushing yourself can make problems worse and take it longer for you to feel better. But, this will not get in the way of your overall recovery.

Rest may mean changes to physical and mental activities, but strict rest is not needed. In general:

- Ask for help with physical tasks.
- Limit activities that need focus like work or balancing a checkbook.
- Get plenty of sleep.
- Check with your doctor before flying. It may make symptoms worse.

If you are having trouble with focus:

- Don't do many things at once. Focusing on one task at a time will lower mental effort.
- Write down items that you are having a hard time remembering.
- Be careful making important choices like legal or banking decisions. Talk to family or friends if decisions must be made.

You can return to normal activities when the doctor has said it is okay. In general:

- You may need to start with shorter days at work or may need a quiet setting.
- If symptoms get worse or new symptoms happen after you increase your activities, slow down again.

### Physical Activity

You can return to normal physical activities as you are able. Work with your doctor to choose when it is safe for you to go back to physical activity or sports. This can take weeks depending if your concussion is severe.

In general:

ST. JOHN'S RIVERSIDE HOSPITAL

Name: CHARLIE RODRIGUEZ
Acct Num: D00059730440
Med Rec Num: J000825048
Location: Emergency Department Dobbs
Primary Provider: Chase,Claire J
Date: 02/28/23

- Don't do anything that raises the risk of a jolt to the brain, such as physical activities or sports. A second concussion while you are healing can cause serious injury and illness. Work with your doctor to find out when it is safe to return to these activities.
- Don't drive until your doctor says it is okay.
- Ask your doctor when you will be able to return to work.

**Prevention**

To lower your chance of this happening again:

- Always use seatbelts and shoulder harnesses when traveling in vehicles.
- Wear a helmet when you:
  - Ride a bike or motorcycle
  - Play a contact sport like football or hockey
  - Use skates, scooters, and skateboards
  - Catch, bat, or run bases in baseball or softball
  - Ride a horse
  - Ski or snowboard

- Get rid of falling hazards at home by:
  - Using handrails when walking up and down stairs
  - Having safety gates by stairs and safety guards by windows
  - Using grab bars in the bathroom
  - Placing nonslip mats in the bathroom
  - Keeping walkways clear so you don't trip
  - Making sure rooms and hallways are well-lit

**Follow-up**

Your doctor will need to check on your progress. Go to all appointments.

**Call Your Doctor If Any of the Following Occur**

Call your doctor if you aren't getting better or you have problems.

Watch for signs of postconcussion syndrome. These symptoms may happen three months after the injury:

- Headache
- Lightheadedness
- Balance problems
- Nausea
- Problems seeing
- Being sensitive to noise or light
- Depression
- Anxiety

ST. JOHN'S RIVERSIDE HOSPITAL

Name: CHARLIE RODRIGUEZ
Acct Num: D00059730440
Med Rec Num: J000825048
Location: Emergency Department Dobbs
Primary Provider: Chase,Claire J
Date: 02/28/23

- Mood swings-a quick change in mood, such as being happy to being very sad
- Becoming easily bothered for little or no reason
- Problems remembering things
- Problems with focus
- Problems sleeping
- Feeling tired all the time

Call for emergency medical services or go to the emergency room right away if you have:

- Vomiting
- Severe headache
- Confusion
- Slurred speech
- Worsening vision
- Weakness or numbness in your arms and legs
- Problems walking or with balance
- Feeling very sleepy or fainting
- Seizures

If you think you have an emergency, call for medical help right away.

Last Reviewed: December 2018 EBSCO Medical Review Board Warren A. Bodine, DO, CAQSM
Updated: 12/27/2018

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, CHARLIE RODRIGUEZ Date of Birth 9/25/1975, SS# 6956
pursuant to CPL §§ 160.50 and 160.55, hereby designate MURIEL GOODE-TRUFANT, Acting
Corporation Counsel of the City of New York, or her authorized representative, as my agent to
whom records of the criminal action terminated in my favor entitled People of the State of New
York v. C. RODRIGUEZ, **Docket No.** CR-005929-23NY or **Indictment No.** ________
in Criminal/Supreme Court, County of the Bronx, State of New York, relating to my arrest on or
about 02/26/2023, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

X [signature]

STATE OF NEW YORK )
: SS.:
COUNTY OF Bronx )

On this 5 day of December 2024, before me personally came CHARLIE RODRIGUEZ to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

[signature]
NOTARY PUBLIC

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 2027

Certificate #: U-000005946-F



# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Charlie Rodriguez**

**Certificate of Disposition**
Docket Number: **CR-005929-23NY**

CJTN: 70226045N
NYSID: 09935586K

Defendant DOB: **09/25/1975**

Arrest Date: **02/26/2023** Arraignment Date: **02/27/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 121.11 A AM Crim Obstruc Breath/Aply Press **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 05/17/2023 |
| 2 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 05/17/2023 |
| 3 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 05/17/2023 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **May 17, 2023**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 — including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

26

**SEALED**
**pursuant to Section 160.50 of the CPL**

HHC

## NYCHHC HIPAA Authorization to Disclose Health Information

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| Ariel's De la cruz<br>526 West 166 Street Apt 3D<br>New York, NY 10032 | 03/14/2000 | |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |
| | | 718-986-2623 |

| | |
|---|---|
| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION<br>ST LUKE - MT. SINAI<br>419 W. 114 ST<br>NEW YORK, N.Y. | SPECIFIC INFORMATION TO BE RELEASED:<br>Information Requested MEDICAL RECORDS<br>Treatment Dates from 2/28/23 to 3/31/27 |
| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT<br>CORPORATION COUNSEL<br>100 CHURCH ST<br>NEW YORK, N.Y. | INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). **Please note: unless all of the boxes are checked, we may be unable to process your request.**<br>☐ Alcohol and/or Substance Abuse Program Information ☐ Mental Health Information<br>☐ Genetic Testing Information ☐ HIV/AIDS-related Information |
| REASON FOR RELEASE OF INFORMATION<br>☒ Legal Matter ☐ Individual's Request<br>☐ Other (please specify): | WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)<br>☐ Event: SETTLEMENT OF SUIT ☐ On this date: |

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL** or **SUBSTANCE ABUSE**, **GENETIC TESTING**, **MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

***I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.***

| | |
|---|---|
| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE<br>[signature] | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
| DATE<br>12/14/2024 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2413. Revised 06-05

UNITED STATES DISTRICT COURT
SO. DISTRICT OF NEW YORK
--------------------------------------------------------------x
ARIELIS DE LA CRUZ

Plaintiff,

-against-

The City of New York, et al.,

Defendants.
--------------------------------------------------------------x

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

___ Civ. _____ ( )( )

TO: MT SINAI-ST. LUKE 419 W. 114 ST. NEW YORK, N.Y.
NAME AND ADDRESS OF MEDICAL PROVIDER

I authorize the use and disclosure of MEDICAL RECORDS health information as described below.

**YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of the entire medical or hospital record of A. DELA CRUZ (Date of Birth: 03-14-2000; SS #: 051906655) who was examined or treated in your hospital or by you on or about 02/28/23.

The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse. I only authorize the release of such information to the extent that I have initialed below:

| | |
|---|---|
| Sexually transmitted diseases | ____ |
| AIDS/HIV | ____ |
| Behavioral or mental health service | ____ |
| Treatment for alcohol and drug abuse | ____ |

This information may be disclosed to and used by the following organization:

The Office of the Corporation Counsel
100 Church Street
New York, NY 10007

for the purpose of the defense of this civil litigation only.

I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition on the conclusion of the litigation in the above-captioned action. If I fail to specify an expiration date, event or condition, this authorization will expire in six months. I understand that authorizing the disclosure of this health information is voluntary; I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated: New York, New York
12/14, 2024

[signature]

STATE OF NEW YORK )
: SS:
COUNTY OF New York )

On the 14 day of December, 2024 before me personally came and appeared Anelis de la Cruz to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that __ executed the same.

[signature]
NOTARY PUBLIC

MADAYI PEREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE0016598
Qualified in New York County
My Commission Expires 11-18-2027

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, ARIELIS DE LA CRUZ, Date of Birth 03/14/2000, SS# 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 pursuant to CPL §§ 160.50 and 160.55, hereby designate MURIEL GOODE-TRUFANT, Acting Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. A. DE LA CRUZ, Docket No. CR-005938-23BX, Indictment No. ________, in Criminal/Supreme Court, County of the Bronx, State of New York, relating to my arrest on or about 2/26/2023, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

[signature]

STATE OF NEW YORK )
: SS.:
COUNTY OF New York

On this 14 day of December, 2024, before me personally came Arielis de la Cruz to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

MADAYI PEREZ
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PE0016598
Qualified in New York County
My Commission Expires 11-18-2027

[signature]
NOTARY PUBLIC

30

# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Arielis Delacruz**

**Certificate of Disposition**
Docket Number: **CR-005938-23NY**

CJTN: 70226048H
NYSID: 15843082P

Defendant DOB: **03/14/2000**

Arrest Date: **02/26/2023** Arraignment Date: **02/27/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1-2 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/2023 |
| 3 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/2023 |
| 4 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/2023 |
| 5 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 6 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 7 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 8 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 9 | PL 240.30 04 AM Agg Harass 2 - Injure Family **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 10-11 | PL 110-120.00 01 BM Attempted Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 12-13 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **June 25, 2024**

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition — are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in

SEALED pursuant to Section 160.50 of the CPL

31

contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]

Charges may not be the same as the original arrest charges.

CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

32

UNITED STATES DISTRICT COURT
SO. DISTRICT OF NEW YORK

---------------------------------------------------------------------x

JONATHAN DE LA CRUZ

Plaintiff,

-against-

The City of New York, et al.,

Defendants.

---------------------------------------------------------------------x

**AUTHORIZATION TO DISCLOSE MEDICAL INFORMATION**

___ Civ. _____ ( )( )

TO: MT. SINAI-ST. LUKE 419 W. 114 ST. NEW YORK, N.Y.
NAME AND ADDRESS OF MEDICAL PROVIDER

I authorize the use and disclosure of MEDICAL RECORDS health information as described below.

**YOU ARE HEREBY AUTHORIZED** to furnish to MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the defendants in the above-captioned case, or to his authorized representative, a certified copy of the entire medical or hospital record of DE LA CRUZ (Date of Birth: 08-31-2002; SS #: 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 who was examined or treated in your hospital or by you on or about 02/28/23.

The medical record authorized for release includes any and all x-rays of said person and any and all diagnostic tests, studies, or reports of examinations relating to such person.

I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol, and drug abuse. I only authorize the release of such information to the extent that I have initialed below:

| | |
|---|---|
| Sexually transmitted diseases | ____ |
| AIDS/HIV | ____ |
| Behavioral or mental health service | ____ |
| Treatment for alcohol and drug abuse | ____ |

This information may be disclosed to and used by the following organization:

The Office of the Corporation Counsel
100 Church Street
New York, NY 10007

for the purpose of the defense of this civil litigation only.

I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. Unless otherwise revoked, this authorization will expire on the following date, event or condition on the conclusion of the litigation in the above-captioned action. If I fail to specify an expiration date, event or condition, this authorization will expire in six months. I understand that authorizing the disclosure of this health information is voluntary; I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (Name of Medical Provider's Risk Management Office).

Dated: New York, New York
12/14/24, 201_

Jonathan De La Cruz

STATE OF NEW YORK )
: SS:
COUNTY OF New York )

On the 14TH day of December, 2024 before me personally came and appeared Jonathan De La Cruz, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that __ executed the same.

[signature]
NOTARY PUBLIC

JAIKISHAN TANWANI
Notary Public, State of New York
No. 01TA6171333
Qualified in Queens County
Commission Expires July 23, 2027

HHC

## NYCHHC HIPAA Authorization to Disclose Health Information

ALL FIELDS MUST BE COMPLETED

THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
| Jonathan E. De La Cruz<br>526 West 166th Street, New York, NY 10032 | 08/31/2002 | 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 |
| | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

NAME OF HEALTH PROVIDER TO RELEASE INFORMATION: Mount Sinai, Morning Side 417 W. 114 St. N.Y. N.Y.

SPECIFIC INFORMATION TO BE RELEASED:
Information Requested: ______
Treatment Dates from 02/27/2023 to ______

NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT: Corporation Counsel 100 Church St, New York, NY

INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). Please note: unless all of the boxes are checked, we may be unable to process your request.

- ☐ Alcohol and/or Substance Abuse Program Information
- ☐ Mental Health Information
- ☐ Genetic Testing Information
- ☐ HIV/AIDS-related Information

REASON FOR RELEASE OF INFORMATION

- ☒ Legal Matter
- ☐ Individual's Request
- ☐ Other (please specify): ______

WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one)

- ☐ Event: SETTLEMENT
- ☐ On this date: ______

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL** or **SUBSTANCE ABUSE**, **GENETIC TESTING**, **MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

***I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.***

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| [signature] | |
| DATE: 12/14/2024 | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

NYCHHC HIPAA Authorization 2413, Revised 06-08

## DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL 160.50 AND 160.55

I, JONATHAN DE LA CRUZ Date of Birth 08/31/2002, SS# 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 pursuant to CPL §§ 160.50 and 160.55, hereby designate MURIEL GOODE-TRUFANT, Acting Corporation Counsel of the City of New York, or her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled People of the State of New York v. J. DE LA CRUZ, **Docket No.** CR-005935-23NY or **Indictment No.** ________, in Criminal/Supreme Court, County of the Bronx, State of New York, relating to my arrest on or about 02/26/2023, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §§ 160.50 and 160.55, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §§ 160.50 and 160.55.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §§ 160.50 and 160.55.

Jonathan De La Cruz

STATE OF NEW YORK )
: SS.:
COUNTY OF New York )

On this 14th day of December, 2024, before me personally came Jonathan De La Cruz to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

[signature]

NOTARY PUBLIC

JAIKISHAN TANWANI
Notary Public, State of New York
No. 01TA6171333
Qualified in Queens County
Commission Expires July 23, 2027

# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Jonathan E. Delacruz**

**Certificate of Disposition**
Docket Number: **CR-005935-23NY**

CJTN: 70225985H
NYSID: 15843053Y

Defendant DOB: **08/31/2002**

Arrest Date: **02/26/2023** Arraignment Date: **02/27/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitle matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Dispositi Date |
|---|---|---|---|---|
| 1 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 12/22/20 |
| 2 | PL 165.09 01 AM Auto Stripping-3rd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 05/17/20 |
| 3 | PL 145.00 01 AM Crim Mis:Intent Damage Proprty **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 05/17/20 |
| 4 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 12/22/20 |
| 5 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 12/22/20 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: July 17, 2024

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of dispositio are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, incl the state and any political subdivision thereof. to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individu involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal actio contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal pro law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pert to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal actio contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal pro law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide informa in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the crimina procedure law; provided further that the provisions of this subd[illegible] employment or membership in any law enforcement ag with respect to any arrest or criminal accusation which was fol[illegible] defined in subdivision one of section 720.35 of the cr procedure law, or by a conviction for a violation sealed pursua[illegible] law, or by a conviction which is sealed pursuant to se 160.58 or 160.59 of the criminal procedure law. For purposes o[illegible] adjourned in contemplation of dismissal, pursuant to s

**SEALED**
**pursuant to Section 160.50 of the CPL**

37

Mount Sinai St. Luke's

# AFTER VISIT SUMMARY

**Jonathan E. de La Cruz** MRN: F940098

2/28/2023 Mount Sinai Morningside Emergency Department 212-636-3375

## Instructions

As we discussed, you are being discharged from the Emergency Department because we feel it is safe for you to leave the hospital. Your condition may change. If you develop any new or worsening symptoms, or the symptoms you still have persist for longer than we discussed, you should return to the Emergency Department immediately. Just because we discharged you does not mean there is no problem or that you should not come back if you are concerned. It is also important that you follow-up with your primary care doctor, or any specialty clinic appointments we have recommended or facilitated for you, as soon as possible. If possible, please get rechecked by a doctor within 48 hours. If this is not possible, please return to the ER for follow up.

Please take medication as instructed.

Please call 911 or come back to ED if your symptoms worsen or any new symptoms arise.

**Read the attached information**
CONCUSSION, NEW (PEDIATRIC) (ENGLISH)

## Today's Visit

You were seen by Celeenamma Daniel, MD and Halle Fitzgerald, MD

**Diagnosis**
Concussion without loss of consciousness, initial encounter

**Medications Given**

acetaminophen (TYLENOL) Last given at 7:22 PM
ibuprofen (Advil,MOTRIN) Last given at 7:22 PM
lidocaine Last given at 7:22 PM

## What's Next

FEB 28 2023

**Radiology Appointment with Celeenamma Daniel, MD**
Tuesday February 28 7:55 PM
If you have any question in reference to this appointment please call the radiology department directly: (212) 523-4280

MOUNT SINAI HEALTH SYSTEM RADIOLOGY
Please see patient instructions for location information
NEW YORK NY 10017
646-605-2213

## MyMountSinai Sign-Up

Send messages to your doctor, view your test results, renew your prescriptions, schedule appointments, and more.

Go to https://mychart.mountsinai.org/mychart/, click "Sign Up Now", and enter your personal activation code: NZ8HC-9VT6X-H5NMG. Activation code expires 4/29/2023.

**Thank you for choosing the Emergency Department at Mount Sinai Morningside. We hope your needs were met during your visit.**

**Please consider enrolling for Mount Sinai MyChart for more information about your visit.**

The examination and treatment you received today in the Emergency Department was rendered on an emergency basis, and is no substitute for comprehensive medical care from a primary care doctor who can follow you over time, monitor progress, and address ongoing and new symptoms, illness and injury.

Follow up recommendations and diagnosis specific instructions appear below. If you cannot see the above doctor and/or your condition worsens so that you require emergency treatment, please return to this ED.

If for any reason the doctor you have been referred to **cannot** see you for a follow-up appointment, you can obtain additional referrals at 1-877-463-6362.

If you have questions relating to the treatment you received today in the emergency department, please call: Adult ED: 212-523-3088 or for Pediatric ED: 212-523-3636

If you have questions about your bill or insurance coverage for your ED visit, please call 212-523-4674.

## Follow Up Instructions

No data filed

## Your Results

**RADEX RIBS UNI 2 VIEWS - 71100**
Collected on 2/28/2023
Resulted on 2/28/2023
Authorized by Celeenamma Daniel, MD

Narrative
CLINICAL HISTORY: Trauma TECHNIQUE: 2 views of the RIGHT ribs are submitted.
COMPARISON: None

Impression
IMPRESSION: No plain film evidence of acute displaced right rib traumatic fracture.

**XR SHOULDER LEFT FOR TRAUMA**
Collected on 2/28/2023
Resulted on 2/28/2023
Authorized by Celeenamma Daniel, MD

Narrative
CLINICAL HISTORY: Trauma TECHNIQUE: 3 views of the LEFT shoulder are submitted.
COMPARISON: None

Impression
IMPRESSION: No plain film evidence of traumatic fracture dislocation or arthritic change.

## Your Results (continued)

**CT HEAD WO CONTRAST**
Collected on 2/28/2023
Resulted on 2/28/2023
Authorized by
Celeenamma Daniel, MD

Narrative
CT HEAD WITHOUT CONTRAST Clinical statement: Head trauma. Technique: A CT scan of the head was acquired in the axial plane from the base of the skull to the vertex without intravenous contrast. Axial, coronal and sagittal reformations were created. One or more of the following dose reduction techniques were used: Automated exposure control; adjustment of the mA and/or kV according to patient's size; iterative reconstruction. Radiation dose estimate: Total DLP 553 mGy-cm Comparison: None available. Findings: There is no acute intracranial hemorrhage or extra axial fluid collection. No regional loss of gray-white differentiation is seen to suggest recent territorial infarction. The ventricular and sulcal spaces appear within normal limits. There is no hydrocephalus, midline shift or other mass effect. The visualized paranasal sinuses and mastoid air cells are predominantly aerated. The calvarium appears intact. Artificial Intelligence Data Summary (intracranial hemorrhage): Agreement with AI findings.

Impression
IMPRESSION: No acute intracranial hemorrhage, mass effect or regional loss of gray-white differentiation. FINAL REPORT: I have reviewed the study and I agree with the above report. 1. Normal noncontrast CT examination of the brain. Consider follow-up MRI as needed. 2. Opacified right concha bullosa cell and agger nasi. Otherwise, the paranasal sinuses are clear.

## Immunizations Administered on Date of Encounter - 2/28/2023

No immunizations on file.

## Changes to Your Medication List

You have not been prescribed any medications.

# Emergency Department
# Concussion Discharge Instructions

The injured person was diagnosed with a concussion (also known as a *mild* traumatic brain injury). Following these instructions can prevent further injury and help recovery.

**When to Seek Care Urgently:**

Seek care quickly if symptoms worsen or if there are any behavioral changes.

Also, watch for any of the following serious symptoms.

Patients should be monitored closely for the first 24-48 hours. If you observe any of the following signs, call your doctor or return to the emergency department **immediately.**

| | | |
|---|---|---|
| Headaches that worsen | Very drowsy, can't be awakened | Can't recognize people or places |
| Seizures | Repeated vomiting | Increasing confusion |
| Neck pain | Slurred speech | Weakness/numbness in arms/legs |
| Unusual behavior change | Significant irritability | Less responsive than usual |

**Common Signs & Symptoms:**

It is common for a concussed child or young adult to have one or many concussion symptoms.

| Physical | | Cognitive | Emotional | Sleep |
|---|---|---|---|---|
| Visual Problems | Headache | Feeling mentally foggy | Irritability | Drowsiness |
| Nausea/Vomiting | Dizziness | Feeling slowed down | Sadness | Sleeping less than usual |
| Fatigue/Feeling tired | Numbness | Difficulty remembering | More emotional | Sleeping more than usual |
| Sensitivity to light or noise | | Difficulty concentrating | Nervousness | Trouble falling asleep |
| Balance Problems | | | | |

**Returning to Daily Activities:**

The key to recovery is sleeping, resting physically and mentally, and avoiding activities that *might* cause head injury.

- **Avoid participating in physical and mental activities to the point of exertion**
  - Stop any physical activities that produce concussion symptoms, as continued physical activity might increase the recovery time.
  - Avoid mental activities requiring concentration (like homework, schoolwork, job-related work, texting, emails, and extended video game playing) as these activities might worsen symptoms and delay recovery.
- **Sleep:** Get good sleep. No late nights or sleepovers. It is NOT necessary to wake up periodically.
- The injured person should not participate in **ANY** high risk activities that might result in head injury until examined and cleared by a qualified health professional (physician.) High risk activities include sports, physical education (PE), climbing, or riding a bike.
- It is hard to change from the normal routine. The injured person will need support from parents, teachers, coaches, and athletic trainers to help limit their activity level.

**Do's and Don'ts:**

It's OK to take pain medicine & to sleep. You don't need to wake up every hour. Don't play sports or exercise!

| It is OK to: | There is NO need to: | Do NOT |
|---|---|---|
| Take pain medicine as prescribed by MD | Stay in bed | Drive while you have symptoms |
| Use ice pack on head and neck for comfort | Wake up every hour | Exercise or lift weights to exertion |
| Go to sleep | | Drink alcohol |
| Rest | | Participate in sports or high-risk activities |

**Returning to School:**



41

If symptoms are severe (cannot concentrate for more than 30-45 minutes,) staying home may be indicated until symptoms improve. If symptoms are less severe, rest breaks during school can help recovery.

- As symptoms decrease, the extra supports (rest breaks during school) can be removed slowly.
- Inform the teacher(s), school nurse, school psychologist or counselor, and administrator(s) about your child/teenager's injury and symptoms. ***Please take the Return to School form to your school.***
- Students who experience symptoms of concussion often need extra help or extra time to perform school-related activities and may not perform at their best on classroom or standardized tests.

**School Personnel:**

School personnel should be aware of the following symptoms, specifically:

- Increased problems paying attention, concentrating, remembering or learning new information
- Needing longer time to complete tasks
- Increased irritability or less of an ability to cope with stress

**Returning to Sports and Recreation:**

The injured person should NEVER return to sports or active recreation with ANY symptoms unless directed by a health professional. NO PE class, physical activity at recess, sports practices, or games.

- Tell the school nurse, classroom teacher and physical education teacher and all coaches of the injury and symptoms.
- When appropriate, have the student check in with a health care professional on the first day he/she returns.
- It is normal for the child/teenager to feel frustrated, sad, and even angry because they cannot return to class, sports or recreation activities right away. With an injury, a full recovery will lower the chances of getting hurt again. It is better to miss one game than the whole season.

**Stepwise Return to Activity/Play:**

Once the injured person's symptoms resolve at rest and a health professional clears the injured person to return to activity, the injured person may SLOWLY increase activity as outlined below. If symptoms return with a new step, the injured person should return to the previous step where no symptoms were experienced and follow up with a clinician.

| | |
|---|---|
| 1. No activity and rest until symptom free | 4. Non-contact drills |
| 2. Light aerobic exercise (e.g., light jogging, swimming) | 5. Full-contact drills |
| 3. Sport specific training (e.g., weight training) | 6. Game play |

## Follow Up:

- Please call your child's primary care physician to schedule an appointment in 3-5 days.
- If your child has multiple doctors, it is important to inform those doctors that you child has suffered a concussion, and to discuss whether to continue prescribed medications.
- If the injured person has had significant or recurrent head injuries, or the symptoms above persist beyond 5-7 days, we recommend speaking to your child's pediatrician and calling the Mount Sinai Play Safe program for further evaluation and monitoring. Please call (800) 283-8481 (Play Safe) to schedule an appointment.

*Follow these instructions carefully. If the injured person has problems that we did not list or you have any other concerns, call your doctor immediately. If you can't reach your doctor, call the Emergency Department with any questions at (212) 241-7151.*

*Physician's Signature*__________

530691628

**Mount Sinai Morningside Emergency Department**
1111 Amsterdam Ave
New York NY 10025-1716
Phone: 212-636-3375
Fax: 212-523-4956

**Jonathan Emilio de La Cruz**
MRN: **F940098**

Department: **Mount Sinai Morningside Emergency Department**
Date of Visit: **2/28/2023**

**Clinical Impressions this visit:**

1. CONCUSSION WITHOUT LOSS OF CONSCIOUSNESS, INITIAL ENCOUNTER

You were seen by: Celeenamma Daniel, MD, Halle Fitzgerald, MD

**Patient Follow-Up Information**

No data filed

**General Information**

**Patient Attestation:**

I have discussed my test results with my provider, and have received the relevant test results in my discharge summary. I have received my Discharge Instructions, I understand the plan for follow-up and whom to contact in an emergency. I have had an opportunity to ask questions, and have had my questions answered.

**Testimonio del paciente:**

He hablado de mis resultados con mi proveedor y he recibido los resultados de las pruebas pertinentes en mi informe de alta. He recibido mis instrucciones para el alta, entiendo el plan de seguimiento y a quién contactar en caso de emergencia. He tenido la oportunidad de hacer preguntas, y se han respondido mis preguntas.

Patient Signature: ______________________ Date: __________

Or Family Signature if Required: ______________________ Date: __________

Firma del Paciente: ______________________ Fecha: __________

O Firma del Miembro
de la Familia (si es necesario): ______________________ Fecha: __________

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

[This form has been approved by the New York State Department of Health]

| Patient Name<br>FRANCISCO TAVERAS | Date of Birth<br>02/13/1996 | Social Security Number |
|---|---|---|
| Patient Address<br>449 KIMBALL AVE. YONKERS, NY 10704 incorrect | 444 Kimball Ave, Yonkers, NY, 10704 | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
URGENT CARE 1345 RXR PLAZA, UNIONDALE NY 11556

8. Name and address of person(s) or category of person to whom this information will be sent:
**CORPORATION COUNSEL CITY OF NEW YORK**

9(a). Specific information to be released:

☐ Medical Record from (insert date) ________ to (insert date) ________

☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☐ Other: ________

Include: (*Indicate by Initialing*)

_____ **Alcohol/Drug Treatment**

_____ **Mental Health Information**

_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here ________ I authorize ________
Initials — Name of individual health care provider

to discuss my health information with my attorney, or a governmental agency, listed here:

________
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☒ At request of individual<br>☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

[signature] Date: 10-6-24

Signature of patient or representative authorized by law.

* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

44

DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL §160.50[1][d]

I, FRANCISCO A. TAVERAS, Date of Birth 2/13/1996 SS# 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, pursuant to CPL §160.50[1][d], hereby designate THE CORPORATION COUNSEL, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled PEOPLE V. FRANCISCO A. TAVERAS, Docket No. or Indictment No. CR 005937-23NY, in N.Y. CRIM Court, County of N.Y, State of New York, relating to my arrest on or about 02/26/2023, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identired herein on file with any court, police agency, prosecutor's office, or state or local agency that were ordered to be sealed under the provisions of CPL §160.50.

[signature]

STATE OF NEW YORK )
) ss.
COUNTY OF Bron NEW YORK )

On this 20 day of February, 2026, before me personally came Francisco A. Taveras, to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

[signature]
NOTARY PUBLIC

ADONIJAH S DILLARD
Notary Public - State of New York
NO. 01DI6436586
Qualified in New York County
My Commission Expires Jul 18, 2026

45

# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Francisco A. Taveras**

**Certificate of Disposition**
Docket Number: **CR-005937-23NY**

CJTN: 70226057Q
NYSID: 12597610K

Arrest Date: **02/26/2023** Arraignment Date: **02/27/2023**

Defendant DOB: **02/13/1996**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/2023 |
| 2 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/2023 |
| 3 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/2023 |
| 4 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 5 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 6 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 7 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 8 | PL 240.30 04 AM Agg Harass 2 - Injure Family **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 9 | PL 110-120.00 01 BM Attempted Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |
| 10 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2024 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: June 25, 2024

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute. It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in

46

CITYMD
WALK-IN URGENT CARE

1345 RXR Plaza Uniondale, NY 11556 T: 516-342-7075

| | | | |
|---|---|---|---|
| Patient Name: | TAVERAS, FRANCISCO | DOB: | 2/13/96 |
| Patient MRN: | 17533711 | Gender: | M |
| Study Date: | Feb 28, 2023 1:55:49 PM EST | Accession: | AC270935885 |
| Description: | UVVN X RAY L SPINE 3 VIEWS | Ref Phys: | YOUSSEF HANNI GEORGE |

Findings:
Normal bone density is seen.
Straightening of lumbar spine curvature with mild levoscoliosis is seen.
Preserved vertebral body height with intact intervertebral disc spaces.
No definite acute fracture line or subluxation is seen.
No paravertebral soft tissue swelling is seen.
A small density is seen in between the left transverse process of L1/L2 vertebrae, US correlation is suggested.
A small phlebolith is seen in left hemipelvis.

Impression:
Straightening of lumbar spine curvature with mild levoscoliosis is seen.
No acute osseous abnormality is seen.
A small density is seen in between the left transverse process of L1/L2 vertebrae, US correlation is suggested if indicated.

Disclaimer: A subtle bone abnormality or fracture may not be readily apparent on x-rays, thus clinical correlation and further imaging including follow-up CT, MRI, or follow-up x-rays are advised as needed.

*Electronically signed on Feb 28, 2023 2:22:56 PM EST (ET) by:*
*Amjad A. Safvi, M.D.*

CityMD

Summary of Visit
Taveras, Francisco
Visit date: 02/28/2023
CityMD Yonkers
Hanni George Youssef MD
Aftercare Dept: 855-624-8963

---

## Diagnoses and Orders

1. **Low back pain**
   M54.50: Low back pain, unspecified
   - X RAY T SPINE 2 VIEWS AP LATERAL
   - X RAY L SPINE 3 VIEWS AP LATERAL L5 S1 SPOT
   - BACK CARE AND PREVENTING INJURIES: CARE INSTRUCTIONS
   - GETTING BACK TO NORMAL AFTER LOW BACK PAIN: CARE INSTRUCTIONS
   - LEARNING ABOUT RELIEF FOR BACK PAIN

2. **Shoulder pain**
   M25.519: Pain in unspecified shoulder
   - X RAY RIGHT SHOULDER 3 VIEWS AP INTERNAL ROTATION AP EXTERNAL

3. **Rib pain** -
pain medication offered , patient declined
   R07.81: Pleurodynia
   - A HEALTHY LIFESTYLE: CARE INSTRUCTIONS
   - X RAY UNILATERAL RIBS 4 VIEWS PA CHEST AP PA ON AFFECTED SIDE Note to Provider: List for rib fracture.
   - ORTHOPEDIC SURGEON REFERRAL - Schedule Within: provider's discretion Urgency: List

**Patient Instructions**

Thank you for visiting CityMD.There are two ways to view your lab results: :

1. The **My Summit Health** app is available to all patients 18 and older in the App Store and Google Play. First-time app users will need to create an account; please note you'll need to select a login and password for the app versus just using your patient portal login credentials. Your lab results will be posted to the My Summit Health app as soon as they're available.
2. Via **email**, as soon as lab results are available. If you don't receive an email within the estimated time frame, give our Aftercare team a call at 855-624-8963.

---

48

Certificate #: U-000010143-F

Page 1 o

# NEW YORK CRIMINAL COURT

100 Centre St., New York, NY 10013
Phone: (646) 386-4500 Fax: (212) 374-5293

Court ORI: NY030033J

**FEE**
Non-Public Version

The People of the State of New York
vs.
**Francisco A. Taveras**

**Certificate of Disposition**
Docket Number: **CR-005937-23NY**

CJTN: 70226057Q
NYSID: 12597610K

Defendant DOB: **02/13/1996**

Arrest Date: **02/26/2023**
Arraignment Date: **02/27/2023**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York Criminal Court** concerning the above entitle matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Dispositi Date |
|---|---|---|---|---|
| 1 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/20 |
| 2 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/20 |
| 3 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Superseded by Another Charge (CPL 100.50(1))) | 06/09/20 |
| 4 | PL 120.00 01 AM Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/20 |
| 5 | PL 120.00 02 AM Aslt:Recklsly Cause Phys Injry **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2 |
| 6 | PL 195.05 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2 |
| 7 | PL 205.30 AM Resisting Arrest **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2 |
| 8 | PL 240.30 04 AM Agg Harass 2 - Injure Family **SEALED 160.50** | AM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/2 |
| 9 | PL 110-120.00 01 BM Attempted Aslt 3-W/Int Cause Phys Injury **SEALED 160.50** | BM | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/ |
| 10 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Other Insufficient Evidence (CPL 170.30 (1)(f)), Sealed 160.50) | 01/22/ |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **July 17, 2024**

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of dispos are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction o such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by sta It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the indiv involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal ac proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal a

SEALED pursuant to Section 160.50 of the CPL

49

OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| STERLING SANTANA | 09-14-1991 | |

Patient Address: 526 West 166 street New York, NY 10032

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form: In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
SUN RIVER HEALTH 1543-1545 INWOOD AVE, BRONX NY

8. Name and address of person(s) or category of person to whom this information will be sent:
CORPORATION COUNSEL CITY OF NEW YORK

9(a). Specific information to be released:
- ❑ Medical Record from (insert date) ________ to (insert date) ________
- ❑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ❑ Other: ________

Include: (*Indicate by Initialing*)
- ______ **Alcohol/Drug Treatment**
- ______ **Mental Health Information**
- ______ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ❑ By initialing here ______ (Initials) I authorize ______ (Name of individual health care provider) to discuss my health information with my attorney, or a governmental agency, listed here:

______ (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: ☒ At request of individual ❑ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

X Sterling Santana
Signature of patient or representative authorized by law.

Date: 20-10-2024

* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

21

# DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL §160.50[1][d]

I, STERLING SANTANA, Date of Birth 9/14/1991

SS# ____________, pursuant to CPL §160.50[1][d], hereby designate CORPORATION COUNSEL CITY OF NY, or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled SUMMONS TO APPEAR CIVIL PENALTIES ONLY Docket No. or Indictment No. 0214891133, in OATH Court, County of NEW YORK State of New York, relating to my arrest on or about 02/26/2023, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identired herein on file with any court, police agency, prosecutor's office, or state or local agency that were ordered to be sealed under the provisions of CPL §160.50.

Sterling Santana

Sterling Santana Delgado
NYS DL # 630 638 123
Exp. 09/14/2033

STATE OF NEW YORK )
) ss.
COUNTY OF Suffolk )

On this 18 day of Feb, 2026, before me personally came Sterling Santana Delgado to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

NOTARY PUBLIC

FRANKLIN DIAZ ABREU
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DI6375486
Qualified in Suffolk County
My Commission Expires 05-21-2026

SANTANA DELGADO, STERLING **DOB:** 09/14/1991 (31 yo M) **Acc No.** 1325106 **DOS:** 03/01/2023

Sun River Health

## Progress Note

**Patient:** SANTANA DELGADO, STERLING
**DOB:** 09/14/1991 **Age:** 31 Y **Sex:** Male
**PCP:** Doris FNP FM Gomez

**Provider:** Justine Greenberg, RPA-C
**Date:** 03/01/2023

### Reason for Appointment
1. HEADACHE AND ARM PAIN X2 DAYS
2. Nurse/MA/RT Start Time: KCARBALLO CA

### History of Present Illness
General:
31 y/o male presents for evaluation of headache and right arm pain s/p alleged alteracation where he was "pulled" by a police officer on the right arm. He has a large bruise on the right arm.
Denies any head injury or LOC. Denies fall
no OTC meds taken at home.

### Current Medications
None

### Past Medical History
Denied.

### Surgical History
No Surgical History documented.

### Family History
Father: alive
Mother: alive

### Social History
Birthplace:
Were you born in this country?
Date Screened: *10/12/2022*
Were you born in this country? *No*
Where were you born? *Dominican Republic*
What was the date of your most recent entry in the U.S.? *08/2019*
What was the date of your first entry in U.S.? *00/2017*
Career/Work:
Career/Work
Date Screened: *10/12/2022*
Career/Work: *Employed*
Drug/Alcohol:

Drugs
Date Screened: *10/12/2022*
Any history of Substance use (last use >12 Months ago)? *No*
Have you used drugs other than those for medical reasons in the past 12 months? *No*
Alcohol Screen
Did you have a drink containing alcohol in the past year? *Yes*
How often did you have a drink containing alcohol in the past year? *Monthly or less (1 point)*
How many drinks did you have on a typical day when you were drinking in the past year? *1 or 2 (0 points)*
How often did you have six or more drinks on one occasion in the past year? *Less than monthly (1 point)*
Points *2*
Interpretation *Negative*

**Allergies**
Dust Mites

**Hospitalization/Major Diagnostic Procedure**
Denies Past Hospitalization

**Review of Systems**
GENERAL ROS:
General Negative for:, fever, chills, fatigue, loss of appetite.
as per HPI.

**Vital Signs**
BP: **130/89 mm Hg**, Pulse sitting: **76**, RR: **18**, Temp: **98.6 F**, Temp Source: ORAL, Smoking: NO, SaO2: **98**,
Screening taken by: KCARBALLO CA.

**Examination**
General Examination:
GENERAL APPEARANCE: no acute distress, well appearing , alert and oriented , well nourished and hydrated.
HEENT: normocephalic, atraumatic, tympanic membranes pearly bilaterally, PERRL, clear conjuctivae, nose clear, tonsils normal.
NECK: supple, non-tender, No cervical or supraclavicular LAD, Thyroid normal in size and texture.
LUNGS: Clear on auscultation and equal bilaterally, regular breathing rate and effort.
CARDIO: no murmurs, regular rate and rhythm, normal S1S2, normal.
NEUROLOGIC EXAM: alert and oriented x 3, no gross deficits, CN's II-XII grossly intact, motor strength - 5/5 upper and lower extremities, gait normal.
PSYCH affect normal, good eye contact, normal speech, oriented x 3 , pleasant, well groomed.
SKIN: right upper medial aspect of the arm: with area of ecchymosis approx 2.0 cm diameter with moderate tenderness to palpation.
MUSCULOSKELETAL: right arm: no bony or joint tenderness, FROM shoulder, elbow.
full strength, sensation, pulses throughout.

**Assessments**
1. Contusion of arm, right, initial encounter - S40.021A (Primary)
2. Acute tension headache - G44.209

**Treatment**
**1. Contusion of arm, right, initial encounter**
Start Naproxen Tablet, 500 MG, 1 tablet with food or milk as needed. Orally, every 12 hrs prn, 14 Days, 28, Refills 0
Notes: ++++ Your exam reveals a swollen or inflamed area following an injury ++++ This causes swelling and/or inflammation and/or bruising of the skin and soft tissue ++++ Please apply ice to the area and take any medication that has been prescribed or recommended for you. +++ I do not suspect any broken bones or serious injury, however if your pain, swelling, bruising gets worse or you have any fever, vomiting, or any new or worrisome symptoms you should go to the ER for furhter evaluation.

Provider: **Justine Greenberg, RPA-C**

**Date: 03/01/2023**

SANTANA DELGADO, STERLING **DOB:** 09/14/1991 (31 yo M) **Acc No.** 1325106 **DOS:** 03/01/2023

**2. Acute tension headache**
Notes: Take the medication as prescribed. +++++ If the headache become severe or are associated with muscle weakness, numbness, tingling, paralysis, changes in vision, speech or language problems, or any neurological problems, then you must go to the emergency room immediately. +++++++ If you continue to get repeated headaches , follow up with your primary care provider.

**Visit Codes**
99212 URG-Est Pt Level 2 OR 10-19 Min.

**Follow Up**
2 - 3 Days,prn (Reason: see PCP)

**Care Plan Details**

**Electronically signed by Justine Greenberg on 03/01/2023 at 05:49 PM EST**

**Sign off status: Completed**

---

**Provider: Justine Greenberg, RPA-C** **Date: 03/01/2023**

*Note generated by eClinicalWorks EMR/PM Software (www.eClinicalWorks.com)*

**SUMMONS TO APPEAR**
**FOR CIVIL PENALTIES ONLY**

SUMMONS NUMBER: **0214 891 133**

ENFORCEMENT AGENCY: **Police Department**

Respondent Last Name: Santana  First: Sterling  M.I.:

Phone No: N/A  ☐ Cell ☐ Home  D.O.B.: 07/11/91  Sex: ☑ Male ☐ Female

Mailing Address: 241 Hill top DR Bronx NY 10?

ID Number: 570 639 163  ID Type: NYS

Race ☐ White ☐ Black ☐ Hisp. White ☐ Hisp. Black ☐ Am. Ind./Alaskan Native ☐ Asian/Pacific Is.

Date of Occurrence: 02/26/23  Time of Occurrence: 07:20 ☐ AM ☑ PM  Precinct: 033

Place of Occurrence (☐ At ☐ In Front Of ☐ Opposite): West 165 st + St Nicholas  Borough: M☐ BK☐ SI☐ Q☐ BX☐

**Include the summons number above on all communications.**

HEARING DATE: 04/17/23 AT: 08:30 ☑ AM ☐ PM

You must respond by the above date.
See the BACK OF THIS SUMMONS to learn about your options.

**Hearing Location:** Office of Administrative Trials and Hearings (OATH)

Borough: Manhattan (See back for address)  (844) 628-4692 www.nyc.gov/oath

☐ Admin. Code ☐ Parks Rules: 56 RCNY ☐ Rules of City of NY ☐ Traffic Rules: 34 RCNY ☐ Other

Section/Rule: 10-125 (b)  OATH Code: X C 15

Mail-in Penalty: $ 25  Max. Penalty: $ 25  Property Removed: ☐ Yes ☐ No

Details of Charge(s): Deft was observed w/ open container of Coors L...

RESPONDENT

[illegible]

I/O Signature: P.O. [signature]  Command: 033

Rank/Title: P.O.  Name: Marcus  Tax No.: 962975

0214 891 133

55

OCA Official Form No.: !

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA

[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Adrian De Jesus Rodriguez | 10/21/2002 | 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 |
| Patient Address<br>944 Kimball Ave Yonkers New York 10704 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this for

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEAL TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, an initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Divis of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I m revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and t redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDIC CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:

- ☐ Medical Record from (insert date) ________________ to (insert date) ________________
- ☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, fi referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☐ Other: ______________________________

Include: (*Indicate by Initialing*)

_______ **Alcohol/Drug Treatment**

_______ **Mental Health Information**

_______ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here __________ I authorize ______________________________
Initials — Name of individual health care provider

to discuss my health information with my attorney, or a governmental agency, listed here:

______________________________
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided copy of the form.

Adrian Rodriguez [signature] Date: 02/18/2026

Signature of patient or representative authorized by law.

* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably cou identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

DESIGNATION OF AGENT FOR ACCESS TO SEALED RECORDS PURSUANT TO NYCPL §160.50[1][d]

I, Adrian De Jesus Rodriguez, Date of Birth 10/21/2002 SS# 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, pursuant to CPL §160.50[1][d], hereby designate CORPORATION COUNSEL CITY OF NY or his authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled PEOPLE V. ADRIAN DE JESUS RODRIGUEZ, Docket No. or Indictment No. 0214891079 SUMMONS in ______ Court, County of N.Y, State of New York, relating to my arrest on or about 02/06/23, may be made available.

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identired herein on file with any court, police agency, prosecutor's office, or state or local agency that were ordered to be sealed under the provisions of CPL §160.50.

Adrian Rodriguez

STATE OF NEW YORK )
) ss.
COUNTY OF BRONX )

On this 18 day of February, 2025, before me personally came Adrian De Jesus Rodriguez to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

Victor J. Molina
NOTARY PUBLIC

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 2027

57

# Defense Packet

## ONLINE

## 02/26/2023 19:34:00 EST

| Arrest # | Defendant |
|---|---|
| M23608500 | DELACRUZ,JONATHAN |

Mota. PT. C 3/14/
3/24/23

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

MISDEMEANOR

-against-

Jonathan Delacruz (M 20),

Defendant

3234642

Police Officer Joshua Moscoso, Shield # 11260 of the 33rd Precinct, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1 | PL 120.00(1) | Assault in the Third Degree (defendant # 1 : 1 count) |
| 2 | PL 165.09(1) | Auto Stripping in the Third Degree (defendant # 1 : 1 count) |
| 3 | PL 145.00(1) | Criminal Mischief in the Fourth Degree (defendant # 1 : 1 count) |
| 4 | PL 195.05 | Obstructing Governmental Administration in the Second Degree (defendant # 1 : 1 count) |
| 5 | PL 205.30 | Resisting Arrest (defendant # 1 : 1 count) |

On or about February 26, 2023 at about 07:20 PM, across from 511 West 165 Street; in the County and State of New York, the defendant, with intent to cause physical injury to another person, caused such injury to another person; the defendant removed and intentionally defaced a part of a vehicle, other than an abandoned vehicle, without the permission of the owner; the defendant intentionally damaged property of another while having no right to do so nor any reasonable grounds to believe that he had such a right; the defendant intentionally prevented and attempted to prevent a public servant from performing an official function by intimidation, physical force and interference and by means of an independently unlawful act; the defendant intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person;

*The factual basis for these charges are as follows:*

I observed the defendant strike me with a closed fist in the jaw, causing redness to the face, and causing me substantial pain.

59

CR-006025-23NY

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br>-against-<br>Jonathan Delacruz (M 20),<br>Defendant. | MISDEMEANOR |

3 2 3 4 6 4 2

I then observed Police Officer Raymond Perez, shield number 970770, attempt to place the defendant under arrest, and the defendant was refusing to allow Officer Perez to place handcuffs on him, and was flailing his arms, causing Police Officer Perez to tackle the defendant. I observed that the above described conduct made it difficult for Police Officer Perez to place the defendant under arrest.

I observed the defendant run into the driver side mirror of my police car, thereby causing the glass in mirror to shatter, and the rest of the mirror to be knocked of its mount, and hang off the mount. I am a custodian of that vehicle, and that the defendant did not have permission or authority to possess or drive the vehicle.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

[signature] 2/27/23 1652

Police Officer Joshua Moscoso — Date — Time

# Defense Packet

**ONLINE**

**02/26/2023 19:34:00 EST**

| Arrest # | Defendant |
|---|---|
| M23608514 | TAVERAS,FRANCISCO |
| M23608519 | DELACRUZ,ARIELIS |

-against-

1. Francisco Taveras (M 27),
2. Arielis Delacruz (F 22),

Defendants.

Police Officer Joshua Moscoso, Shield # 11260 of the 33rd Precinct, states as follows:

*The defendants are charged with:*

| | | |
|---|---|---|
| 1 | PL 120.00(1) | Assault in the Third Degree<br>(defendant # 1 : 1 count)<br>(defendant # 2 : 2 count) |
| 2 | PL 195.05 | Obstructing Governmental Administration in the Second Degree<br>(defendant # 1 : 1 count)<br>(defendant # 2 : 1 count) |
| 3 | PL 205.30 | Resisting Arrest<br>(defendant # 2 : 1 count)<br>(defendant # 1 : 1 count) |

On or about February 26, 2023 at about 07:20 PM, across from 511 West 165 Street; in the County and State of New York, the defendant, with intent to cause physical injury to another person, caused such injury to another person; the defendant intentionally prevented and attempted to prevent a public servant from performing an official function by intimidation, physical force and interference and by means of an independently unlawful act; the defendant intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person;

*The factual basis for these charges are as follows:*

I am informed by Police Officer Christian Anasa, shield number 14741, that he observed Arielis Delacruz strike him about the face with a closed fist, causing redness to his face and substantial pain.

I am informed by Police Officer Emmanuel Valerio, shield number 04589, that he attempted to place Ms. Delacruz under arrest. Police Officer Valerio then informed me that Ms. Delacruz refused to be arrested by flailing her arms and keeping her arms away from Officer Valerio, making it difficult for Officer Valerio to handcuff Ms. Delacruz. While

CR-005937-23NY

62

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Francisco Taveras (M 27),
2. Arielis Delacruz (F 22),

Defendants.

MISDEMEANOR

32346556

resisting arrest, I am informed by Officer Emmanuel Valerio that he observed Ms. Delacruz kick Lieutenant Garcia directly in the genitalia, causing him severe and substantial pain. I am further informed by Officer Valerio that the Ms. Delacruz's above described conduct made it difficult for Police Officer Valerio and Lieutenant Garcia to place Ms. Delacruz under arrest.

I am further informed by Police Officer Lopezstevez, shield number 17797, that he observed Francisco Taveras run up to, and punch Police Officer Anasa on the right side of his face with a closed fist, causing swelling to the right side of his face, and causing him substantial pain.

I am further informed by Police Officer Brian Fermin that he, along with Police Officer Garret Williams, shield number 24151, and Police Officer Hotoniel Diaz, shield number 16543, attempted to place Francisco Taveras under arrest. I am further informed by Police Officer Fermin that he observed Francisco Taveras resist arrest by flailing and swinging his arms and kicking his feet. I am further informed by Police Officer Fermin that the defendant's above described conduct made it difficult for himself, Police Garret Williams, and Police Officer Diaz to place Taveras under arrest.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

[signature] 2/27/17 1650

Police Officer Joshua Moscoso Date Time

63

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>Charlie Rodriguez (M 47),<br><br>Defendant. | MISDEMEANOR |

3 2 3 4 6 5 1

Police Officer Joshua Moscoso, Shield # 11260 of the 33rd Precinct, states as follows:

*The defendant is charged with:*

| | | |
|---|---|---|
| 1 | PL 121.11(a) | Criminal Obstruction of Breathing or Blood Circulation<br>(defendant # 1 : 1 count) |
| 2 | PL 195.05 | Obstructing Governmental Administration in the Second Degree<br>(defendant # 1 : 1 count) |
| 3 | PL 205.30 | Resisting Arrest<br>(defendant # 1 : 1 count) |

On or about February 26, 2023 at about 07:20 PM, in front of 511 West 165 Street; in the County and State of New York, the defendant, with intent to impede the normal breathing and circulation of the blood of another person, applied pressure on the throat and neck of such person; the defendant intentionally prevented and attempted to prevent a public servant from performing an official function by intimidation, physical force and interference and by means of an independently unlawful act; the defendant intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person;

*The factual basis for these charges are as follows:*

I observed the defendant push me into the hood of my car, and then place his right elbow and forearm into the front of my throat, applying pressure with such elbow and forearm, that it became difficult for me to breathe.

64